IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>CHARLES EUGENE VENDITTI,<br><br>Defendant/Movant. | Cause No. CR 18-147-BLG-DLC<br>CV 22-113-BLG-DLC<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Charles Eugene Venditti's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Venditti is a federal prisoner proceeding pro se.

In its Order of January 30, 2023, the Court denied eight of Venditti's nine claims. (Doc. 173.) However, it also directed the United States to file, under seal, all documents in its possession related to applications for warrants for the wires used with Vania Soraich, so that the Court could review Venditti's ninth ground for relief. The U.S. filed the documents under seal. (Doc. 174.) The Court has reviewed them and determined that Venditti's ninth claim is also unavailing. His motion will be denied.

### III. Claims and Analysis

Venditti asserts that his trial counsel was ineffective for not moving to

1

suppress certain wiretap evidence. These claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Venditti must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687-88, and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id.* at 694. See also *Premo v. Moore,* 562 U.S. 115, 121 (2011). "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland* at 697.

Venditti details the context of the controlled buys of an informant that formed the basis of the government's case. (Doc. 171 at 36 – 37.) The first time the informant was wired, she met with Venditti but failed to make a buy. The police subsequently applied for official wire taps, after which the buys were completed. Venditti asserts that the applications and later search warrants were based on the original, unofficial wire, and therefore, each was based on an illegal search and was illegal. *Id.*

The Court has reviewed the documents filed under seal by the U.S. and determines that the ensuing search warrants were not, in fact, based upon improper evidence. The application for the search warrant was based on the evidence of the initial meeting between the confidential informant and Venditti, not on any wire

2

recording that may have resulted. (Doc. 174-1 at 22 – 26.) But in any event, Venditti did not have any legitimate expectation of privacy in the conversations he had with the confidential informant. *United States v. Wahchumwah*, 710 F.3d 862, 867 (9th Cir. 2013). As such, the voice search warrants following the initial CI encounter were not improper, and Venditti's counsel was not ineffective for choosing not to file a futile motion to suppress. Venditti's motion will be denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Venditti does not identify any respect in which counsel's performance was unreasonable. Nor does he identify any reasonable probability of a different outcome if counsel had done anything differently. As such, there is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS ORDERED:

1. Venditti's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 171) is DENIED.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Venditti files a Notice of Appeal.

4. The clerk shall ensure that all pending motions in this case and in CV 18-147-BLG-DLC are terminated and shall close the civil file by entering judgment in favor of the United States and against Venditti.

DATED this 19th day of April, 2023.

Dana L. Christensen, District Judge
United States District Court